DONHAM, *Appellant*, v. HOOVER.

Division Two, June 30, 1896.

1. **Execution Sale:** INADEQUATE PRICE: IRREGULARITIES. A sale on execution for a grossly inadequate price will be set aside where there are irregularities in it.

2. ——: ——: ——. Where executions on judgments are issued by the clerk without authority, and the sheriff, in selling the land levied on, fails to set aside the defendant's homestead, such facts constitute irregularities which, taken in connection with a grossly inadequate price for the land, will authorize the court to set the sale aside.

*Appeal from Greene Circuit Court.*—HON. JAS. T. NEVILLE, Judge.

AFFIRMED.

*C. W. Thrasher* and *H. C. Young* for appellant.

(1) The policy of the law is against setting aside judicial sales. *Hewitt v. Weatherby*, 57 Mo. 276; *Jones*

*v. Manly*, 58 Mo. 559.   (2)   Mere inadequacy of consideration can not defeat .the title of the purchaser at an execution sale, and constituted no defense to an action in ejectment by him.   *Bobb v. Graham*, 15 Mo. App. 289; *Rhinehardt v. Long*, 95 Mo. 396; *Whitman v. Taylor*, 60 Mo. 127; *Bouldin v. Ewart*, 63 Mo. 330. (3)   The failure of the sheriff to set aside a homestead to the defendant before proceeding with the enforcement of the execution in his hands, will not avoid the deed in ejectment proceedings.   *Crisp v. Crisp*, 86 Mo, 630; *Bunn v. Lindsey*, 95 Mo. 250.   (4) The failure of the sheriff to allow exemption on execution, is no defense to the sheriff's deed in ejectment.   *Finley v. Baker*, 110 Mo. 408; *Alt v. Bank*, 9 Mo. App. 91. (5) The failure of the sheriff to subdivide land on execution sale does not render the sheriff's deed void, and is no defense against such deed in ejectment, that being a collateral proceeding. *Brown v. Walker*, 85 Mo. 262; *Bouldin v. Ewart*, 63 Mo. 330; *Rector v. Hart*, 8 Mo. 462; *Sheehan v. Stackhouse*, 10 Mo. App. 469; *Fine v. Public Schools*, 30 Mo.'166; *St. Louis v. Witten*, 112 Mo. 328; *Hayes v. Perkins*, 109 Mo. 102.   (6)   A sheriff's deed under execution sale, unless void, can not be, attacked in a collateral proceeding where the purchaser was an innocent party, nor for irregularities in the judgment or proceedings.   *Evans v. Robberson*, 92 Mo. 192; *Winston v. Affalter*, 49 Mo. 265; *Hewitt v. Weatherby*, 57 Mo. 276; *Lenox v. Clark*, 52 Mo. 115; *Grover v. Smith*, 49 Mo. 318; *Hardin v. McCanse*, 53 Mo. 255; 1 McQuillin, section 1418, top of page.   (7)   And in no case will mere irregularities affect the title of a purchaser, unless he participated ir, or was instrumental in, causing those irregularities.   *Bobb v. Graham*, 15 Mo. App. 289.   (8) ⁻ The defendant's laches in failing to make complaint after full knowledge of the facts for so long a time, should bar her of any relief, even if

the irregularities of which she complains would justify the interposition of a court of equity. (9) Under the pleadings and evidence the defendant was the actual party in possession of the property sued for, and was, therefore, the proper party defendant. *Bensieck v. Cook*, 110 Mo. 173. (10) The plaintiff was entitled to sue; his wife's seizin was sufficient to confer upon him the right of curtesy. *Reanne v. Chambers*, 22 Mo. 36; *Harvey v. Wickham*, 23 Mo. 112; *Miller v. Bledsoe*, 61 Mo. 96, 102, 104; *Stephens v. Hume*, 25 Mo. 349; *McKee v. Cottle*, 6 Mo. App. 416. (11) The proper parties are not before the court for a full determination of the cause. *Seimers v. Kleeburg*, 56 Mo. 201.

*Rathbun & Son* for respondent.

(1) The answer sets up the deeds under which plaintiff claims right of possession, and states facts showing that said deeds were fraudulently obtained, and the court, upon the evidence, sustains this issue. Defendant may set up her equities in ejectment suit, and is not bound to first try her title at law. *Preston v. Ricketts*, 91 Mo. 320; *St. Louis v. Schulenburg, etc.*, 98 Mo. 613; *Chouteau v. Gibson*, 76 Mo. 38; *Allen v. Logan*, 96 Mo. 591; *Chandler v. Bailey*, 89 Mo. 642. (2) The evidence in the case is ample to sustain the averments of the answer and the judgment of the circuit court, on ground of fraud in issuing execution, in making sale of lot without subdividing, and inadequacy of price bid, and failure of sheriff to apprise defendant of homestead right and right of exemption. (3) Execution is fraudulently issued by circuit clerk, plaintiff herein, of his own volition, without the knowledge or authority of Fatum or Eversol, who had exclusive control of said judgments, and sold defendant's property, of the value of $5,000, upon his own bid of $5, when

twenty feet was ample to pay all liens and judgments. *Beedle v. Mead*, 81 Mo. 297; *Massey v. Young*, 73 Mo. 260; *Newkirk v. Chapron*, 17 Ill. 344; *Wickliff v. Robinson*, 18 Ill. 145; *Railroad v. Brown*, 43 Mo. 294. (4) Answer sets up that officer did not apprise defendant of her right of exemption and selection, and this is an issue in the case, made by the answer. *Paddock v. Lance*, 94 Mo. 283. And this issue is sustained by the evidence. (5) The defense set up is sufficient, if true, to defeat plaintiff's right of recovery, and to find that issue for defendant, it is not necessary that any other parties should be before the court. *Harris v. Vinyard*, 42 Mo. 568; *Seiberling v. Tipton*, 113 Mo. 374; *Hayden v. Stewart*, 27 Mo. 286.

GANTT, P. J.—This is an action in ejectment in the ordinary statutory form for a lot of land in the William McAdam's addition to the city of Springfield, one hundred and twenty feet front by one hundred and ten feet deep. Ouster is laid October 16, 1892.

The answer pleads an equitable defense wherein it is averred the defendant is a married woman; that plaintiff's sole claim to said lot is based upon two sheriff's deeds thereto to Mrs. Elizabeth C. Donham; that said sheriff's deeds are founded upon two executions issued by plaintiff while circuit clerk upon two transcripts of two pretended judgments rendered against defendant, one by C. H. Evans, a justice of the peace within and for Campbell township, for $39.32 in favor of Eversol & Company, and the other by C. L. Dalrymple, a justice of the peace for said township for $19.55 in favor of one Fatum. That when said transcripts were filed all costs were paid to the date of their filing; that neither of said plaintiffs ever ordered or directed an execution to issue against defendant on either of said judgments. That plain-

tiff at that time was clerk of the circuit court of Greene county, Missouri, and of his own volition and without authority of law and without any notice either to plaintiffs in said executions or to defendant, issued executions on said judgments and procured sales to be made thereof and although said property was well worth $5,000 bid the same in for $5 and took his deed therefor to his wife. That his wife has since died and he is claiming the same by the curtesy.

Defendant avers that the said lots are her homestead; that she had no notice of said sale, no opportunity to have her homestead valued and set apart to her; that said property is susceptible of division and the sheriff wholly neglected his duty in failing to subdivide the same. That said pretended claim is the result of a fraudulent scheme of plaintiff to prevent all bidding on said property.

There was a prayer to have said sales and deeds set aside and for general relief. The circuit court found the issues for defendant and plaintiff appeals.

A more inequitable and unconscionable claim than plaintiff's has never come before this court. The learned circuit court very properly put the seal of his condemnation upon such practices. The evidence was overwhelming that the defendant was a married woman, the head of a family. That she was the owner of a tract of land in the city of Springfield that was worth at a low estimate $5,000, which she was during all these proceedings and is now occupying as a homestead; that two judgments had been obtained against her while she was a married woman. No attempt was made to prove that these judgments were for necessaries for her or her family. The two judgments aggregated $58.77.

The plaintiffs in those judgments both testified unequivocally that neither ever directed an execution

to issue on said judgments and never authorized any attorney to do so for them; and neither knew or had any notice whatever of the sale of said lot under said judgments or either of them until long after plaintiff had obtained his deed. It is true one Camp testified he was a lawyer and represented Eversol and that he ordered an execution for Eversol but he appears in a most unenviable light in the transaction. He thinks he notified his client when the sale was to take place but that he himself had no intention of being present at the sale or bid for the lot so as to attempt to make it bring his client's judgment. In a word, he was taxing his legal acumen to its utmost to make his client's debt of less than $40. He ordered the execution and sale and yet neither attended the sale himself nor advised his client of the importance of so doing and permitted the only visible property of defendant worth $5,000 to go for $5.

Eversol having heard of the sale protested and evidently threatened to have the sale set aside whereupon plaintiff promptly paid Eversol's judgment and took an assignment thereof.

The great preponderance of the evidence is that neither Eversol nor Fatum knew anything of the sale under Fatum's judgment; that no execution was ordered by the plaintiff in that judgment and that defendant was never notified of her exemptions and knew nothing of the contemplated sale. It is plain that plaintiff without authority of law issued the transcript execution in this case and is now seeking to profit by his own unauthorized action.

The sheriff seems also to have had a very inadequate conception of his duty in the premises. When he discovered that a valuable city lot was about to be sacrificed for $5 and that the creditor for whose benefit ostensibly the sale was being made was absent and the

defendant also, his plain duty was to have stopped the sale and returned it not sold for want of bidders.

It has often been said that mere inadequency of price alone will not justify a court in setting aside a sale but the rule in this state is firmly established that when one man obtains the property of another of great value for a mere pittance under an execution sale and the transaction is assailed, he must have been guilty of no misconduct, and the sheriff's proceedings must have been free of irregularities. In this case the sheriff wholly failed to discharge his duty as to assigning the defendant's homestead and dividing said property and the plaintiff issued the executions without authority, either of which irregularities was sufficient to set aside the sale and deeds. The courts scan such a sale with the closest scrutiny. *Beedle v. Mead*, 81 Mo. 297; *Rogers & Baldwin Hardware Co. v. Cleveland Bldg. Co.*, 132 Mo. 442, and cases cited.

No question of innocent purchaser arises upon the record. The officer who wrongfully and without authority put the process in motion is before us seeking to avail himself of his own wrong. Neither is there any force in the suggestion that the children of plaintiff are not in court. The plaintiff alone is seeking this relief. It is perfectly competent for the court to pass upon his claim which is severable from that of his children in this proceeding.

Defendant was entitled upon the evidence to an affirmative decree as against plaintiff cancelling said sheriff's deeds and setting aside said sale and the decree should yet be so amended *nunc pro tunc* as the findings are ample to justify such a decree. The judgment is affirmed. BURGESS and SHERWOOD, JJ., concur.